935 F.2d 1286
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GIAC LEASING CORPORATION, Holiday Inns, Incorporated,
Plaintiffs-Appellants,
v.
Martin H. PERPER, Freda Smith Perper, John Karcha,
Defendants-Appellees.
 No. 90-1115.
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1991.
Decided June 25, 1991.
As Amended July 17, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-90-585-A)
 Richard Alan Cooter, Alexandria, V., for appellants.
 Leslie Margot Alden, Verner, Liipfert, Bernhard, McPherson and Hand, McLean, Va. (Argued), for appellees; John B. Connor, Verner, Liipfert, Bernhard, McPherson and Hand, McLean, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This appeal lies to the judgment of the court below in granting the motion to dismiss of Martin H. Perper ("Perper") against appellants GIAC Leasing Corporation and Holiday Inns, Inc.
 
 
 2
 The facts in the case are undisputed. Perper and his wife were separated when they entered into an agreement providing that their marital home, which the Perpers held as tenants by the entirety, was to be listed for sale at a specified price, or at such other price as they might mutually agree upon. The agreement stated that Mrs. Perper would receive $262,500 from the proceeds of sale and that Perper would receive the balance. Further, the agreement provided that neither party would seek a final decree of divorce before July 4, 1991.
 
 
 3
 Perper was a judgment debtor of the appellants, who filed suit in the district court to impose a constructive trust on the funds which Perper should ultimately derive from the sale of the marital property. In response to the complaint, Perper filed a motion to dismiss, whereupon the appellants filed a motion for summary judgment. The district court denied the motion for summary judgment and granted the motion to dismiss.
 
 
 4
 This court first notes that the agreement states specifically that it is not executed for the purpose of obtaining a divorce, and, significantly, provides that the parties may modify it in writing at any time. Its provisions indicate that the parties may agree to a different price than that set out in the agreement, and also that if the parties reconcile, they may void the agreement.
 
 
 5
 The appellants assert that this document in itself amounted to a conversion of the tenancy by the entireties to a tenancy in common or a joint tenancy, thus subjecting the interests of Perper to the claim of a judgment against him. The appellants have asked for an equitable conversion of the property and the imposition of a constructive trust.
 
 
 6
 In Virginia, a tenancy by the entireties may be terminated in one of three ways: by the death of one of the tenants, Va.Code Secs. 55-20, 55-21; by a divorce of the parties to the tenancy, Va.Code Sec. 20-111; or by voluntary acts of the tenants which manifest a clear intention to change the tenancy by the entireties to some other form of ownership, Sudin v. Klein, 221 Va. 232, 239 (1980). Although the tenancy by the entireties usually originates in the purchase of realty, its nature as a tenancy by the entireties follows the proceeds when that real estate is sold, absent one of the three conditions for termination of the tenancy by the entireties. In Re Worley, 251 F.Supp. 725, 728 (W.D.Va.1966).
 
 
 7
 Certainly, and fortunately, death has not ensued as to either of the Perpers. Equally certain, so far as the record discloses, the Perpers have not divorced. Thus, in order for the appellants to prevail, the agreement must show a clear and definite intention by the parties to terminate the tenancy by the entireties.
 
 
 8
 The indefiniteness of the agreement in the particulars mentioned above prevent a finding of clear and definite intention necessary to terminate the tenancy. If the parties should be reconciled, the agreement may be voided. Further, it may be modified at any time if that modification is in writing, even absent a reconciliation between the parties. The court finds that the Perpers have not demonstrated an intent to terminate the tenancy by the entireties in the real estate itself or in the proceeds flowing from the real estate. Consequently, the court does not find any one of the three conditions for the termination of a tenancy by the entireties. Because the property at issue is still held as a tenancy by the entireties, there is no basis for a finding that the property is subject to an equitable conversion necessary to impose a constructive trust. See Clay v. Landreth, 187 Va. 169 (1948).
 
 
 9
 The court further notes that in Virginia, "the principles 'which govern the enforcement of specific performance underlie the application of equitable conversion.' " In Re Community Investments Associates I, 14 B.R. 211, 214 (Bankr.E.D.Va.1981) (citing Clay, 187 Va. at 173). The many uncertainties in the Perper's agreement, noted above, prevent it from being subject to specific performance. Pair v. Rook, 195 Va. 196 (1953). Thus, for this reason also, the court cannot apply the doctrine of equitable conversion.
 
 
 10
 Immediately before argument in this court, counsel for the appellants tendered to the court a letter stating that "It has recently come to the plaintiff's attention that the defendant and his wife have entered a contract to sell the home, and, on information and belief, that sale has been consummated." The letter goes on to argue that because there is a "manifest" intention of the parties to divide the proceeds, the appellants should be granted the relief they seek--imposition of a constructive trust and an injunction against Perper. Apparently, this argument was likewise presented to the court below on the same date that this letter was dispatched to this court. It was in the form a of a motion for relief from the final judgment, which the district court denied. Where the trumpet sounds so uncertain a note, neither the court below nor this court is justified in accepting the conclusion which appellants base on their "information and belief."
 
 
 11
 It is reasonably apparent that the appellants fear that any proceeds flowing to Perper from the sale of the marital home will escape the grip of their judgment lien. The appellants may not be without a remedy, however. Under proper circumstances, Virginia law, as in most jurisdictions, provides that "a gift, conveyance, assignment or transfer of ... any estate, real or personal ... given with intent to delay, hinder or defraud creditors ... shall as to such creditor ... be void." Va.Code Ann. Secs. 55-80, et seq. (1950). The Virginia law codifies the ancient common law on the subject.
 
 
 12
 In the case below, the appellants argued for a finding of an equitable conversion of the realty into personalty, and for a constructive trust to be imposed. Both these doctrines are equitable in origin, in nature, and in application, and it is instructive to note one of the oldest doctrines of all, to wit, that equity follows the law. Where the law does not provide for the conversion of the tenancy by the entireties into some other form of tenancy, the equitable doctrines sought to be invoked by the appellants simply do not come into play.
 
 
 13
 For the reasons indicated, the judgment of the court below is
 
 
 14
 AFFIRMED.